No. 14,214.

STATE OF LOUISIANA VS. JAKE SIMS AND GUS MAYS.

SYLLABUS...

1. The judge may refuse to give a special charge the matter of which has been already substantially covered in the general charge.

APPEAL from the Fifth Judicial District, Parish of Jackson— *Machen, J.*

---

*Walter Guion,* Attorney General, and *A. B. Hundley,* District Attorney, *(Lewis Guion,* of Counsel) for Plaintiff, Appellee.

---

*C. P. Thornhill,* and *George Wear,* for Defendant, Appellant.

---

The opinion of the court was delivered by

PROVOSTY, J. The defendant, Jake Sims, on trial for larceny, requested the court to give the following special charge:

"That if they had any reasonable doubt as to whether the defendant knew or did not know that Gus Mays was not the owner of the cotton, they should give him the benefit of the doubt and acquit him; or if

the proof showed to their satisfaction that defendant believed, or had reason to believe, that Gus Mays was the owner of the cotton, they should acquit him."

The Judge refused to give the special charge, for reasons given by himself, as follows:

"The court refused to give the charge for the reason, that the general charge of the court had fully covered the question of guilty knowledge; the court, in explaining the felonious intent, charged the jury that 'felonious intent means without the color of right in taking, and if the defendant honestly believed at the time of the taking that he had a right to take the cotton, that it was their duty to acquit him,' of course if the accused thought this cotton was the property of Gus Mays, or the jury had come to that conclusion, that he ever had a right to think so, or that he was authorized by Gus Mays to take it, this charge, in the opinion of the court, was fully sufficient for them to acquit. Besides, to have given the charge in the language asked for, would have been trenching upon the facts and invading the province of the jury, and would have been too specific."

Our learned brother was right. Our jurisprudence is uniform that when the trial judge has substantially covered in his charge all that is asked to be specially charged, he is justified in refusing to give the special charge; and an inspection of the two charges will show that the special charge was substantially covered in the general.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed at the cost of the appellant.